IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TERESA MITCHELL,<br>　Plaintiff,<br><br>vs.<br><br>DIRECT LINE CORP.;<br><br>　Defendant. | Case No._____<br>JURY DEMANDED |

# COMPLAINT

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Dickson, Tennessee (Dickson County).

2. Defendant is a foreign corporation with a principal place of business in Dickson County where it employed Plaintiff.

3. This action arises under the laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question). Plaintiff brings her retaliation claim under Title VII (having exhausted administrative prerequisites for her claim, being granted a Notice of Suit Rights following a failed Conciliation after the EEOC found probable cause that the claims were true). She has brought this suit within ninety (90) days after receiving her Notice of Suit Rights.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that all parties reside in this Judicial District and the matters at issue arose in this Judicial District.

## II. FACTUAL BASES FOR THIS LAWSUIT

5. Defendant hired Plaintiff in May of 2008 to perform work in accounts receivable and collections.

6. Defendant hired Jerry Cotton to perform as its warehouse manager.

7. Plaintiff reasonably and in good faith believed that Jerry Cotton was engaging in sexually offensive conduct (Sexual Harassment) because, every day, he engaged in and solicited inappropriate sexual banter and jokes—about women, about sex, about women's clothing, etc., none of which was vocationally relevant.

8. Cotton's constant sexual talk interfered with Plaintiff's performance of her duties.

9. In 2009, Plaintiff continually complained to management, including Defendant's Vice President, Mr. Lloyd Cahoon.

10. Mr. Cahoon would always say, "I'll talk to Jerry," which effected no change whatsoever.

11. Upon information and belief, Defendant never did undertake a serious investigation into Plaintiff's complaints of sexual harassment.

12. Nor did Defendant ever take any remedial action against Cotton.

13. In August of 2009, Plaintiff advised Cahoon that she was tired of Cotton's ridiculous sexual talk, that Cahoon had done nothing to stop it, and that she was going to take the matter to the Equal Employment Opportunity Commission.

14. Shortly thereafter, on or about August 20, 2009, Defendant advised Plaintiff that her employment was terminated for "lack of work." However, Defendant simultaneously advised Plaintiff that she would be replaced. In fact, Defendant did replace Plaintiff's position.

15. The termination did cause Plaintiff to lose her wages and benefits and to suffer emotional distress in the form of worry, anxiety, job uncertainty, and financial distress. She seeks these damages (back pay, reinstatement or front pay, and compensatory damages) along with punitive damages for the intentional indifference by Defendant to Plaintiff's federally protected rights to be free of retaliation. She also seeks her attorneys fees and costs.

### III. LEGAL CAUSE OF ACTION

16. The foregoing paragraphs are incorporated herein.

3

Case 3:11-cv-00430  Document 1  Filed 05/09/11  Page 3 of 4 PageID #: 3

17. Based thereon, Plaintiff brings the following legal cause of action against the Defendant:

### A. **Title VII. Retaliation.**

18. A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully Submitted,

**GILBERT RUSSELL McWHERTER, PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
101 N. Highland Ave.
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

**ATTORNEYS FOR PLAINTIFF**